## UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| KERRON ANDREWS,<br><br>                    Plaintiff<br><br>v.<br><br>BALTIMORE CITY POLICE<br>DEPARTMENT, *et al*.,<br><br>                    Defendants | Civil Action No. 1:16-CV-02010-CCB |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Defendants and Plaintiff (hereafter the "Parties," and each, a "Party"), pursuant to Federal Rule of Civil Procedure 26(c), by and through their respective counsel of record, hereby file their *Stipulated Protective Order* and further stipulate that the following *Stipulated Protective Order* ("Order") shall govern the handling of any document, information, or other thing produced or exchanged by and among the Parties, or received from third parties, including, but not limited to, all documents and all other discovery materials, whether produced informally, formally, or in response to any discovery requests; deposition testimony; testimony taken at hearings or other proceedings; interrogatory answers; and/or filings, motions, transcripts, and exhibits (collectively "Litigation Material").

WHEREAS, it is further stipulated that the Parties and third parties: issued, will issue, or are in receipt of subpoenas; possess, control, or have, in their custody, certain non-public information or documents that they consider to be highly confidential, trade secrets, export controlled information or documents, or information or documents that are, or contain, confidential, regulated, or proprietary contents, as described more fully below; and the management, possession, use, and control of such information and documents is sensitive such

that public disclosure would cause competitive harm and/or violations of law (collectively "Confidential" and/or "Export Controlled Materials");

WHEREAS, it is further stipulated that the attorney-client privilege and work product protection shall not be waived under certain circumstances, as specified herein;

WHEREAS, in order to establish procedures that would, among other things, protect the Parties and third parties from damage and liability resulting from public disclosure of Confidential and/or Export Controlled Materials, the Parties agree to limit the disclosure, use, and dissemination of Confidential and/or Export Controlled Materials that are in the possession, custody, or control of one of the Parties or a third party, while allowing the Parties to obtain discovery thereof under the terms and conditions set forth below;

WHEREAS, the Order will expedite the flow of discovery materials, protect the integrity of Confidential and/or Export Controlled Materials, promote the prompt resolution of disputes and confidentiality, and facilitate the preservation of material the Parties or third parties deem worthy of protection; and

WHEREAS, in view of these stipulations, the Court finds that good cause exists for issuance of a the Order. Accordingly, the Parties and third parties managing, using, producing, or otherwise utilizing any Confidential and/or Export Controlled Materials, by and through their undersigned counsel, hereby stipulate to the following terms and conditions, subject to approval and entry by the Court, as follows.

## <u>DESIGNATION OF PROTECTED MATERIALS</u>

1.      As used herein, "Producing Party" shall refer to the Parties to this action and third parties that provide Litigation Material, and "Receiving Party" shall refer to the Parties to this action and to third parties that receive such Litigation Material.

US_Active\116199235\V-1

2.      Any Party or third party, whose Confidential and/or Export Controlled Materials are sought through discovery by a Party to the above-captioned action, shall have the right to designate any Litigation Material it produces or provides, or any testimony it gives in the above-captioned action, as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL".

3.      Any Party or third party providing discovery in this action that designates Litigation Material as "EXPORT CONTROLLED MATERIALS" represents to the Receiving Party that the Producing Party made a good faith determination that the Litigation Material is subject to Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.* and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.*  A protective order is warranted, and there is good cause for special treatment of these categories of information because federal law subjects such information to specific rules related to designation, use, access, and disclosure, and imposes civil and criminal penalties for violations.

4.      The designation of confidential information by a party or third party shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."   One who provides Litigation Material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential and not in the public domain.  A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.  Except for Litigation Material produced for inspection at the party's facilities, the designation of Litigation Materials as "CONFIDENTIAL" shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such

US_Active\116199235\V-1

documents may be produced for inspection before being marked "CONFIDENTIAL."   Once specific documents have been designated for copying, any documents containing confidential information will then be marked "CONFIDENTIAL" after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

**DESIGNATED MATERIALS SHALL BE KEPT CONFIDENTIAL**

5.      All Litigation Material produced or furnished by a Party or non-party during this litigation, which are designated "EXPORT CONTROLLED MATERIALS" or "CONFIDENTIAL ," by the Producing Party, shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive this information under the terms of this Order, and shall be used only in preparation for,  in the prosecution of, and/or the defense of, this action or any appeal therefrom, and cannot be used for any other purpose including, but not limited to, any other litigation and/or arbitration matters, or any other business, competitive, personal, private, or public purpose.  The Parties, third parties, and all other persons bound by the terms of this Order shall only use the Litigation Material designated  "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," as authorized under this Order.  The Parties, third parties, or other persons' use of Litigation Material designated "EXPORT CONTROLLED INFORMATION" and/or "CONFIDENTIAL," in a manner inconsistent with the terms and conditions of this Order, must first obtain written consent of all of the interested parties, or order of the Court.  The Producing Party who made the designations, however, may of course continue to use the Litigation Material in the regular course of business.

US_Active\116199235\V-1

### PERSONS AUTHORIZED TO HAVE ACCESS AND THEIR OBLIGATIONS

6.    Litigation Material designated as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," may be used by any Party, other than the Producing Party, solely for purposes of this action, and shall in no event be used in other legal proceedings or for any business, competitive, personal, private, public, or other purpose, except as required by law, and may be shown or disclosed only to the following persons provided that, before receiving or being advised of the contents of the "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL ," such persons in paragraph 6(b)-(i) have agreed, in writing, to be bound by this Order by signing the *Consent to Protective Order* attached hereto as Exhibit A:

a.    This Court, any court exercising appellate jurisdiction with respect to the determinations of this Court, and any other court or person appointed by the Court to address an issue related directly to discovery in the above-captioned action;

b.    The Parties and third parties' outside and in-house counsel, paralegals, legal assistants and/or clerical employees (including persons providing photocopying, data processing, or graphic production services) working under the direction of Parties and third parties' counsel on this matter;

c.    The Parties to this action, including their current members, officers, directors, partners, representatives, attorneys, or employees, to the extent disclosure is reasonably necessary for this action;

d.    Outside consultants, experts, or investigators, retained by the Parties or counsel for the Parties, to assist in the preparation and trial of this action or proceeding;

e.    Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in this action;

f.    Any mediator or arbitrator engaged by the Parties in connection with the action;

g.    Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, and any person clearly

identified in prior discovery as an author or recipient of the Litigation Material at issue;

h.      A witness at a deposition and the witnesses' counsel, to the extent disclosure is reasonably necessary in connection with his/her testimony; and

i.       Any other person whom the Court, after notice to the Parties and Producing Party, orders may have access to the Litigation Material or upon stipulation of the Producing Party.

The Court need not sign the *Consent to Protective Order* in Exhibit A prior to receiving any EXPORT CONTROLLED MATERIALS because the Court is a "U.S. person" as defined by 22 C.F.R. § 120.15.

7.      In order to receive Litigation Material designated as "EXPORT CONTROLLED MATERIALS", the persons listed in paragraph 6(a)-(i) must be U.S. Persons as defined by 22 C.F.R. § 120.15, which provides:

U.S. Person means a person (as defined in § 120.14 of this part) who is a lawful permanent resident as defined by 8 U.S.C. 1101(a)(20) or who is a protected individual as defined by 8 U.S.C. 1324b(a)(3). It also means any corporation, business association, partnership, society, trust, or any other entity, organization or group that is incorporated to do business in the United States. It also includes any governmental (federal, state or local) entity. It does not include any foreign person as defined in § 120.16 of this part.

A "protected individual" includes a United States citizen.[1]  To the extent that the person with access to such information or documents includes a corporation, business association, partnership, society, trust, or any other entity, organization or group (collectively "Entity"), such Entity must be incorporated to do business in the United States.  Those individuals and Entities, in turn, must comply with ITAR in general and 22 C.F.R. § 120.1(c) specifically.

---

[1] 8 U.S.C. § 1324b(a)(3) also defines "Protected individual" as an alien who is lawfully admitted for permanent residence, is granted the status of an alien lawfully admitted for temporary residence, is admitted as a refugee or is granted asylum subject to limitations.

US_Active\116199235\V-1

8.      The persons receiving "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" material are enjoined from disclosing them or their contents to any other person, except as permitted by this Order, and are further enjoined from using such material for any purpose, other than that permitted by this Order.   The recipient of any "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" material shall maintain such material in a safe and secure area.   Each individual who receives any  "EXPORT CONTROLLED MATERIALS"and/or "CONFIDENTIAL" material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of, this Order.

9.      Any executed *Consent to Protective Order* of persons agreeing to be bound by this Order shall be retained by counsel and shall be subject to *in camera* review by the Court, if good cause for review is demonstrated by any Party or third party, in receipt of a subpoena in this action.

**PROCEDURE FOR DESIGNATING AND HANDLING CONFIDENTIAL AND/OR EXPORT CONTROLLED MATERIALS IN DISCOVERY, COURT FILINGS, AND HEARINGS**

10.      If a Party or non-party discloses "EXPORT CONTROLLED MATERIALS," "CONFIDENTIAL," and/or Litigation Material in another document, at a deposition, or at a hearing, such Party shall designate, and treat, at least such portion of such other document or resulting transcript as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," as applicable.

11.      The Parties and third parties agreeing to be bound by this Order, and their counsel, shall designate discovery material as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" as follows:

US_Active\116199235\V-1

a. In the case of information or documents that are produced as part of discovery or are responsive to any discovery request, which includes, but is not limited to, document production requests, interrogatories, and requests for admission, and any attachments or exhibits to any of the foregoing documents referenced in this provision, such documents shall be stamped, labeled, or otherwise clearly identified as  "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL."

b. In the case of documents and and information contained therein, designation shall be made by placing on the first page and all subsequent pages containing the confidential information the legend "EXPORT CONTROLLED MATERIALS";  and/or "CONFIDENTIAL."

c. In the case of things, designation shall be made by visibly marking the item "EXPORT CONTROLLED MATERIALS"; and/or "CONFIDENTIAL," if practicable, or, if not practicable, by placing such marking visibly on a package or container for the item.  In specific instances where designation is not practicable, the Producing Party shall, upon producing such materials, notify the Receiving Party, in writing, that such produced materials are, or were, impracticable for such designation.

d. In the case of depositions involving "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" information, counsel for the witness or Party producing the "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" information may state, on the record, that the deposition (including exhibits), or a portion thereof, may contain "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" information or documents.  If such designation is made, that deposition, or portion thereof, shall be deemed subject to this Order, and will be taken with no one present

except for those persons who are authorized to have access to such "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" information and documents in accordance with this Order, including interpreters, videographers, and the court reporter. Additionally, or alternatively, within ten (10) business days of receipt of the final deposition transcript from the court reporter (prior to any modifications by the deponent on an errata sheet), the witness or Party may make or modify a designation that the deposition (including exhibits), or a portion thereof, contains "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" information or documents. All deposition transcripts in their entirety shall be deemed to be and shall be treated as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," until the expiration of this ten (10) business day period.

e.   In the case of production of original files and records for inspection, no designation need be made by the Producing Party in advance of the inspection. For purposes of the inspection, all documents provided for inspection shall be considered designated "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL." Thereafter, upon selection of specified documents for production, the Producing Party shall designate copies of such documents as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," in accordance with this Order.

12.   <u>Access to EXPORT CONTROLLED MATERIALS</u>. The Parties and the Court are responsible for ensuring that access to EXPORT CONTROLLED MATERIALS in their possession, custody or control are restricted to authorized person(s) in accordance with EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.* To prevent unauthorized access of

EXPORT CONTROLLED MATERIALS, the Parties and the Court agree to follow the procedures outlined in this paragraph:

    a.    All documents containing EXPORT CONTROLLED MATERIALS shall be placed in a secure file or room with access limited to those persons identified in paragraphs 5 and 6 of this Order;

    b.    If documents containing EXPORT CONTROLLED MATERIALS are scanned and stored in a computer, access to such electronic files shall be limited to those persons identified in paragraphs 5 and 6 of this Order; and

    c.    In the event that counsel or another individual authorized to receive EXPORT CONTROLLED MATERIALS anticipate that EXPORT CONTROLLED MATERIALS will be disclosed to the Court, including at any hearing or at trial, the Parties agree to confer and, if necessary, to discuss with the Court the proper safeguards to avoid an export violation. If a third party provided the EXPORT CONTROLLED MATERIALS, the Party(ies) seeking to introduce that information at any hearing or trial agree to consult with that third party prior to disclosure.

13.    <u>Materials Filed</u>. To the extent that any materials subject to this Order (or any pleading, motion, or memorandum discussing or disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof, which disclose "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," shall be filed under seal (by the filing Party) with the Clerk of the court, with a simultaneous motion pursuant to Local Rule 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases.

The Interim Sealing Motion shall be governed by Local Rule 105.11. Even if the filing Party believes that the materials designated as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" are not properly classified as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," the filing Party shall file the Interim Sealing Motion. Where possible,

only those portions of Court filings that contain information that is "EXPORT CONTROLLED

MATERIALS" and/or "CONFIDENTIAL" shall be filed under seal.

14. <u>Hearings and Trial</u>. In the event that any "EXPORT CONTROLLED

MATERIALS"; and/or "CONFIDENTIAL" material is used in any hearing in connection with the

above-captioned action, it shall not lose its "EXPORT CONTROLLED MATERIALS" and/or

"CONFIDENTIAL" status through such use, and the Parties shall take all steps reasonably

required to protect its confidentiality during such use.

15. <u>Appeal</u>. In connection with any appeal in this action, all Litigation Materials

designated "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" shall be

subject to the provisions of this Order, and shall be filed with the United States Court of Appeals,

under seal, and in accordance with the applicable rules of that court.

## INFORMATION PRODUCED BY NON-PARTIES

16. This Order applies to Litigation Materials provided by any third party from whom

discovery is sought in this action. Such third party(ies) shall designate all information disclosed

to a Party in response to a subpoena in this action as"EXPORT CONTROLLED MATERIALS"

and/or "CONFIDENTIAL," as applicable. Such third party(ies) shall obtain all the protections of

this Order upon disclosure to any Party to this action, of Litigation Materials that contain

"EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," as defined in this Order.

## THIRD PARTY CONFIDENTIAL INFORMATION

17. If the discovery process calls for the production of information or documents, the

disclosure of which a potentially Producing Party, in good faith, believes would breach an express

or implied agreement with a third party(ies) to maintain such information in confidence, the

potentially Producing Party shall give written notice to the third party(ies) that the third

US_Active\116199235\V-1

party's(ies') information or documents are subject to a discovery request in the above-captioned action, and shall provide the third party with a copy of this Order.  Should the third party object to production of the information or documents, the potentially Producing Party shall timely inform the requesting Party of that objection.

### CHALLENGING DESIGNATIONS

18.     A Party shall not be obligated to challenge the propriety of a "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge.  If, at any time, any Party disagrees with a designation of "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," that Party shall provide written notice of its disagreement to the Producing Party or third party, including its basis for disagreeing with the designation.  The Producing Party shall then have fourteen (14) days, from the date of receipt of such notice to:

(a) advise the Receiving Party whether the Producing Party maintains its designation; and

(b) if so, provide its basis for the particular designation.

The Parties and/or third parties shall first try to resolve the dispute on an informal basis, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 104.7.  A Producing Party shall not unreasonably delay resolution of a challenged designation.  If the dispute cannot be informally resolved, the Party or third party challenging the designation may, after advising the Producing Party, challenge the designation upon motion to the Court.  The burden of proving that the designated information properly was designated "EXPORT CONTROLLED MATERIALS" and/or 'CONFIDENTIAL" remains with the Producing Party.  The provisions of Fed. R. Civ. P. 37(a)(5) shall apply to such motions.

## INADVERTENT DISCLOSURE

19.     Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any Litigation Material that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Litigation Material or the subject matter of that Litigation Material, unless there was an intentional waiver of the Privilege or Protection to support an affirmative use of the Litigation Material to support a party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).  The Parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2).  That is, all disclosures made not to support an affirmative use of the Litigation Material in support of a party's claim or defense shall be regarded as "inadvertent," and the Producing Party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

20.     Within seven (7) business days of learning that Privileged or Protected Litigation Material has been inadvertently produced, the Producing Party shall notify counsel for the Receiving Party(ies), in writing, of the fact of inadvertent disclosure and the date inadvertent disclosure was first discovered.  If a Producing Party inadvertently discloses to a Receiving Party Litigation Material that is subject to the assertion by the Producing Party of the Privilege or Protection, or that the Litigation Material is otherwise immune from discovery, the Receiving Party shall immediately cease reviewing or using such Litigation Material upon: (1) discovery by the Receiving Party that the Litigation Material is protected by the Privilege or Protection; or (2) receipt of notice from the Producing Party of the inadvertent disclosure, whichever is earlier.

US_Active\116199235\V-1

The Receiving Party also shall destroy or return to the designating party the Litigation Material and all copies thereof in existence within five (5) business days of: (1) discovery by the Receiving Party that the Litigation Material is protected by the Privilege and/or the Protection; or (2) receipt of notice from the Producing Party of the inadvertent disclosure, whichever is earlier. The Receiving Party shall provide notification to the Producing Party confirming such destruction and/or return as soon as possible and in no event later than five (5) days after receipt by the Receiving Party of a written request by the Producing Party for such return and/or destruction. Immediately upon such discovery of or identification of the Litigation Material, no further use or review may be made of the Litigation Material by the Receiving Party, and no further discovery regarding the Litigation Material may be conducted, except upon motion to, and order by, the Court. No Party shall assert that the disclosure of the Litigation Material waived the Privilege, Protection, or any other immunity.

21.     If the Receiving Party contests the validity of the underlying claim of Privilege or Protection, the Receiving Party may seek a judicial determination of the matter, pursuant to Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the Producing Party to request the return or destruction of the document once the Producing Party had actual knowledge of: (1) the circumstances giving rise to the claim of Privilege or Protection; and (2) the production of the document in question, as stated in this Order. As used in this paragraph, "actual knowledge" refers to the actual knowledge of an attorney or record or other attorney with lead responsibilities in the litigation.

US_Active\116199235\V-1

22.     If a Party inadvertently discloses any Litigation Material without designating it as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," but later determines that it should be so designated, and so informs the Receiving Party thereof, in writing, within fourteen (14) days of the discovery of the inadvertent failure to designate, but no later than, one (1) month after the close of expert discovery, the Litigation Material shall thereupon be treated as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL," and the Receiving Party shall immediately make prompt and reasonable efforts to protect the Litigation Material and retrieve it from any person not entitled to receive it under paragraphs 5 and 6.  The Receiving Party may challenge the Producing Party's late designation of the Litigation Material, but shall take no further action inconsistent with the designation until such time as the challenge is resolved.  If the Receiving Party makes no challenge to the late designation, or if its challenge is unsuccessful, the Receiving Party shall mark or stamp the Litigation Material "EXPORT CONTROLLED MATERIALS" or "CONFIDENTIAL" in accordance with the Producing Party's designation.

23.     Should any Litigation Material designated as "CONFIDENTIAL"; "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" be disclosed, through inadvertence by the Receiving Party, to any person or party not authorized under this Order, then the Receiving Party shall use commercially reasonable efforts to: (1) promptly retrieve the disclosed Litigation Material, and any notes or extracts thereof, from such unauthorized person or party; (2) bind such person or party to the terms of this Order; (3) promptly inform such person or party of all of the provisions of this Order; (4) request such person or party to sign the *Consent to Protective Order* attached hereto as Exhibit A; (5) identify such person or party immediately to the Producing Party that designated the Litigation Material as  "EXPORT CONTROLLED MATERIALS" and/or

"CONFIDENTIAL;" and (6) identify the disclosed "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" Litigation Material immediately to the Producing Party.

The executed *Consent to Protective Order* shall promptly be served upon the party that designated the Litigation Material as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL." Nothing in this paragraph shall limit the right of the party that designated the Litigation Material as "EXPORT CONTROLLED MATERIALS"; and/or "CONFIDENTIAL" to seek any appropriate sanction or remedy against the party that disclosed the Litigation Material to a person or party not authorized under this Order.

24. Disclosure of "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" Litigation Material to persons not authorized to receive that information prior to designation shall not be deemed a violation of this Order. In the event the Litigation Material was previously distributed in a manner inconsistent with the new designation, however, a Receiving Party will take reasonable steps to retrieve all copies of the "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" Litigation Material that are inconsistently designated, and/or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a Receiving Party, the Receiving Party shall make a request in writing for return of the Litigation Material and for an undertaking of confidentiality. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the Receiving Party deems the making of the request to be a useless act, the Receiving Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

25. In the event the Producing Party discloses two or more identical copies of a document of which at least one copy is designated"EXPORT CONTROLLED MATERIALS"

US_Active\116199235\V-1

and/or "CONFIDENTIAL" and at least one copy is not so designated, once such a discrepancy is actually discovered by the Receiving Party, all copies of the document shall be treated as being subject to the most restrictive designation applicable to such document.

## PROCESS IN OTHER ACTIONS

26.     In the event any person or Receiving Party having possession, custody, or control of any Litigation Material produced in the above-captioned action and designated as "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" by a Producing Party receives a subpoena or other compulsory process or order to produce such Litigation Material, such subpoenaed person or entity shall notify the attorneys of record of the Producing Party claiming such confidential treatment of the Litigation Material sought by such subpoena or other process or order at least seven (7) business days prior to the return date of the subpoena or other compulsory process, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected.  No party shall disclose materials, or the existence of such materials, subject to this Order inconsistent with the terms of this Order absent the written consent of all interested Parties and/or third parties, or by order of this Court.

## LIMITS TO PROTECTIVE ORDER

27.     Nothing in this Order shall preclude a party or its attorneys from:

    a.      showing a document designated as "EXPORT CONTROLLED MATERIALS"; and/or "CONFIDENTIAL" to an individual identified by the document as a recipient or author or by sworn testimony as having been previously prepared, received, or reviewed by that individual;

    b.      showing a document produced in discovery by an opposing party to a current or former director, officer, managing agent or employee of the Producing Party during the questioning of such person in a deposition, hearing, or trial in the above-captioned action; or

-17-

      c.    disclosing or using for any purpose any information or documents from the party's own files which the party itself has designated as "EXPORT CONTROLLED MATERIALS"; and/or "CONFIDENTIAL."

28.    It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Litigation Material designated "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" received by the Party, provided that such rendering of advice and opinions shall not reveal the content of information to which the recipient is not otherwise entitled, and also shall not reveal or disclose competitively useful information, including, but not limited to, non-public financial data, including market analyses, profit information, forecasts, and budgets; sales information; pricing data; methods and costs of production; strategic business plans; research and development projects; testing information; source code; export controlled information; and customer-specific information, except by prior written agreement with counsel for the Producing Party unless otherwise restricted by law.

29.    This Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

30.    This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any non-party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Order to move for relief from any of its provisions, or seek agreement of the Parties to this action for different or additional protection for any particular Litigation Materials.

US_Active\116199235\V-1

**PARTY SEEKING GREATER PROTECTION MUST OBTAIN FURTHER ORDER**

31.     No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**OBLIGATIONS UPON TERMINATION OF THE LITIGATION**

32.     Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal and this Court shall retain jurisdiction over the Order after the conclusion of the above-captioned litigation.  Promptly upon the conclusion of litigation, and in no event later than sixty (60) days after entry of a final judgment not subject to further appeal or after all opportunities for appeals of this action have run, all Litigation Material treated as "EXPORT CONTROLLED MATERIALS"; and/or "CONFIDENTIAL," including any copies, databases or abstracts containing such information shall, at the option of the Producing Party or third party, be destroyed or returned to counsel for the Producing Party or third party. Notwithstanding the foregoing, to the extent required by law or professional obligation, counsel of record for the Parties shall be permitted to retain a copy of materials created during the course of the above-captioned action, or made part of the record, or which have been filed under seal with the Clerk of the Court, including but not limited to any work product, discovery requests and responses (other than documents produced), correspondence, motions, briefs, affidavits, depositions, expert reports, and/or trial transcripts which contain "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" material within the document or as an exhibit thereto. Such file copy must be maintained under the conditions of "EXPORT CONTROLLED MATERIALS"; and/or "CONFIDENTIAL" documents as provided in this Order.  Further, all

notes, summaries, or other documents prepared by attorneys, or outside experts/consultants/investigators designated as provided in paragraph 6, derived from a document designated "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" shall after the conclusion of the action, only be kept within the files of outside trial counsel for the party creating such work product, in accordance with paragraph 12 and other provisions of this Order, or be destroyed.  Counsel of record for the Parties shall certify in writing that they have complied with this paragraph.  The Clerk of the Court for the above-captioned matter shall be permitted to return to the designated Litigation Material to counsel for the Producing Party or destroy any sealed material at the end of the litigation.

## DEFINITION OF DEVICE

33.     The term *device or cell site simulator used to locate Andrews* shall mean the device manufactured or supplied by Harris Corporation (now L3Harris Technologies, Inc.) that the Baltimore Police Department used to locate Andrews on May 5, 2014, which, upon information and belief and currently available information, has a part number of 3232910-203, an FCC ID of NK73166210, and a serial number of HC3232910-103.

## NOTICE

34.     All notices required by this Order are to be served in an expedient manner on all counsel of record for any Party and any interested party according to the contact information on record with the Court.

SO ORDERED this _____ day of _____, _____.


_____
Judge Catherine C. Blake
United States District Court Judge

US_Active\116199235\V-1

**WE STIPULATE and agree to abide by the terms of this Order:**

**WE STIPULATE and agree to abide by the terms of this Order:**

_____/s/_____
Natalie R. Amato, Bar No. 20749
BALTIMORE CITY LAW
DEPARTMENT
100 N. Holliday Street, Ste. 101
Baltimore, MD 21202
Tel:  410.371.9298
Fax:  410-396-2126

_Attorney for Defendants Baltimore Police Department and Kevin Davis_

_____/s/_____
Thomas H. Barnard, Bar No. 27488
tbarnard@bakerdonelson.com
Stuart R. Goldberg, Bar No. 21236
sgoldberg@bakerdonelson.com
BAKER, DONELSON,
BEARMAN, CALDWELL, &
BERKOWITZ, P.C.
A Professional
Corporation
100 Light Street,
19th Floor
Baltimore, MD
21202
410-862-1339 (telephone)
443-547-0699 (fax)
_Attorneys for Defendant Michael Spinnato and John Haley_

_____/s/_____
James B. Astrachan, Bar No. 03566
jastrachan@agtlawyers.com
H. Mark Stichel, Bar No. 02939
hmstichel@agtlawyers.com
ASTRACHAN GUNST THOMAS, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
410.783.3550 (telephone)
410-783-3530 (fax)
_Attorneys for Plaintiff Kerron Andrews_

US_Active\116199235\V-1

EXHIBIT A

**UNITED STATES DISTRICT COURTDISTRICT OF MARYLAND**
**(Northern Division)**

KERRON ANDREWS,

          Plaintiff,

v.

BALTIMORE CITY POLICE
DEPARTMENT, *et al*.,

          Defendants.

Civil Action No. 1:16-CV-02010-CCB

**<u>CONSENT TO PROTECTIVE ORDER</u>**

I hereby declare as follows:

1.     My name (printed) is_____.

2.     (a) My home address is_____

_____

or (b) my employer is_____; my

employer's address is_____; and my

occupation or job description is_____.

3.     I have received a copy of the Protective Order in this case.

4.     I have carefully read and understand the provisions of the Protective Order, and will comply with all of the provisions of the Protective Order.

5.     I agree to comply with all terms and conditions of the Protective Order with respect to all "EXPORT CONTROLLED MATERIALS" Litigation Material that may be disclosed to me in connection with this litigation.

6.      I hereby verify that I have reviewed the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.* and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.*

7.      I hereby verify that I am a U.S. Person as defined by 22 C.F.R. § 120.15, who is eligible to view documents subject to EAR and ITAR restrictions.

8.      I also agree to comply with all terms and conditions of the Protective Order with respect to all "EXPORT CONTROLLED MATERIALS" and/or "CONFIDENTIAL" Litigation Material that may be disclosed to me in connection with this litigation.

9.      I agree to keep confidential all Litigation Material designated "EXPORT CONTROLLED MATERIALS"; or "CONFIDENTIAL" that are disclosed to me in connection with this litigation.  I agree not to give, show, make available, discuss, or otherwise communicate in any manner, either directly or indirectly, any Litigation Material to or with any person not authorized to receive the information under the terms of the Protective Order.

10.     I agree that I will only use Litigation Material designated as "EXPORT CONTROLLED INFORMATION" or "CONFIDENTIAL" in the prosecution and/or the defense of this litigation or any appeal therefrom.  I agree that such Litigation Material cannot be used for any other purpose including, but not limited to, any other litigation and/or arbitration matters, or any other business, competitive, personal, private, or public purpose.

11.     I understand that if I violate the provisions of the Protective Order I may be subject to, among other things, sanctions, civil and/or criminal liability, and contempt by the Court.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order against me.

US_Active\116199235\V-1

12.     I declare under penalty of perjury that the foregoing is true and correct.

Date:     _____

Signature:     _____

Print:     _____