

George S. Mahaffey
gsm@gdldlaw.com
Direct 410-783-4993

Admitted in Maryland,
District of Columbia & Pennsylvania

One South Street, 20th Floor
Baltimore, Maryland 21202
T| 410-783-3550   F| 410-783-3530

June 29, 2022

**VIA ECF:**

The Honorable Catherine C. Blake
United States District Judge
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:   *Andrews v. Baltimore Police Department, et al.*,
               Civil Action No. 16-cv-2010-CCB

Dear Judge Blake:

      We write to provide you with an updated Joint Status Report on discovery in the above-referenced case pursuant to the Court's Paperless Entry Request for Status Report of May 9, 2022 and prior correspondence.  *See* ECF Doc. 130.

      The deposition of L3Harris Technologies ("L3Harris") took place remotely on May 24, 2022.  The 30(b)(6) deponent, Stanley Gutowski, is reviewing the transcript and we expect an errata sheet and confidentiality and export-controlled designations from counsel for L3 Harris on or before July 7, 2022.

      On June 13, 2022, the undersigned requested to meet and confer with counsel for BPD and the individually named defendants to discuss the number of further depositions Plaintiff desires to take.

      Undersigned counsel's discussions with Assistant Attorney General Wendy Shiff regarding a Rule 30(b)(6) deposition of the State's Attorney's Office for Baltimore City and/or individuals relating to the Fourth Circuit's remand as to whether BPD had, at the time of its application for the Pen Register Order, any formal or informal policies, practices, or procedures that prevented BPD officers seeking a warrant or pen register/trap and trace order from stating to the reviewing magistrate that a cell site simulator would be used has led to identification of potential witnesses no longer in the employ of the State.  We have identified David Rosenblatt (former police officer and former employee of L3 Harris); Thiru Vignarajah; and possibly now Judge James H. Green (former counsel to the BPD) as potential deponents regarding this

information. Our review of the document production, written discovery, and depositions to date have also identified several potential witnesses who were identified as being either current or former employees of the BPD that may have evidence regarding any formal or informal policies regarding practices or procedures that prevented the BPD from stating to the reviewing magistrate that a cell site simulator would be used.

On June 28, 2022, the Parties met and conferred to discuss the number of depositions Plaintiff is requesting to take, as well as the appropriateness of the individuals Plaintiff has identified to depose. The parties agreed to begin work on a scheduling order and counsel for BPD will be assessing the availability of witnesses and issues related to their employment and/or former employment positions. At this time, BPD does not agree to the number of depositions Plaintiff has requested, which exceeds the number allowable without leave from the Court under the Federal Rules, nor has BPD agreed that the persons Plaintiff has identified are relevant and would not provide duplicative or cumulative testimony. Undersigned counsel is preparing subpoenas for non-party witnesses and will work closely with all counsel to ensure that they can schedule and proceed with any agreed depositions on a timely basis.

Counsel jointly requests this Court enter an Order requesting an updated Status Report by October 1, 2022. In the interim, the Parties will continue to work towards a Proposed Scheduling Order and potential deponents to continue discovery in this cause of action. Should the Court have any questions or concerns, the Parties encourage the Court to contact any such Parties, as necessary.

Respectfully yours,

/s/ George S. Mahaffey Jr.

George S. Mahaffey Jr.
Michael Pichini

cc: Counsel of Record (via ECF)
Christina M. Carroll, Esquire (via mail)
Assistant Attorney General Wendy Shiff (via email)